UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NEW LEAF SERVICE CONTRACTS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| VS. | ) ) |
| GERHARD'S INC. d/b/a GERHARD'S APPLIANCES & HOME THEATER, | ) ) ) |
| Defendant. | ) ) ) |

CIVIL ACTION NO.

3:22-CV-1145-G

## MEMORANDUM OPINION AND ORDER

Before the court is Gerhard's Inc. d/b/a Gerhard's Appliances & Home Theater (the "defendant" or "Gerhard's") motion to dismiss the plaintiff New Leaf Service Contracts, Inc.'s (the "plaintiff" or "New Leaf Inc.") claims pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing. *See* Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Motion") (docket entry 29). For the reasons set forth below, the defendant's motion to dismiss is **GRANTED**, and the plaintiff's request for leave to amend its complaint should the court grant the defendant's motion to dismiss is **DENIED**.

I. BACKGROUND

On March 10, 2022, New Leaf Inc. filed suit against Gerhard's in the Fort Worth division of this court. *See* Plaintiff's Original Complaint ("Complaint") (docket entry 1). On May 25, 2022, the case was transferred to this division. *See* Order (docket entry 12). This case arises out of a contract that New Leaf Inc. alleges it entered with Gerhard's in September 2012. Complaint at 1-2. In its complaint, New Leaf Inc. contends that it entered a contract with Gerhard's "wherein Gerhard's would sell service contracts to its customers under an exclusive service contract program designed and administered by New Leaf." *Id.* at 1. New Leaf Inc., however, argues that "Gerhard's has ceased to honor its obligations under that agreement." *Id.*

On June 16, 2022, Gerhard's filed its first motion to dismiss New Leaf Inc.'s complaint for lack of subject matter jurisdiction, arguing that New Leaf Inc. lacks standing to bring its lawsuit. Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1) (docket entry 23) at 1. Specifically, Gerhard's contended that it signed an agreement with New Leaf LLC, a Texas entity ("New Leaf Texas") that terminated its existence on November 17, 2021. *Id.* at 3. Furthermore, Gerhard's averred that New Leaf Texas is not a party to the lawsuit nor has New Leaf Inc. alleged that it is "the successor in interest to [New Leaf Texas]." *Id.*

On July 7, 2022, New Leaf Inc. responded to the motion to dismiss, arguing that it does have standing and privity of contract. New Leaf Service Contracts, Inc.'s Response to Gerhard's Inc. d/b/a Gerhard's Appliances & Home Theater's Motion to Dismiss ("Initial Response") (docket entry 24) at 1-2. New Leaf contended that it was New Leaf Service Contracts, LLC, a Delaware limited liability company ("New Leaf Delaware"), that signed the contract with Gerhard's and that New Leaf Delaware properly converted into New Leaf Inc. *Id.* at 2. New Leaf Inc., therefore, now stands in New Leaf Delaware's shoes and is a "contracting party with Gerhard's under the Agreement." *Id.* at 3 (citing Exhibit A ("Affidavit"), *attached to* Initial Response at 2). Furthermore, New Leaf Inc. attached an affidavit from Sean Hicks ("Hicks"), New Leaf Inc.'s CEO, stating that "New Leaf has never executed a contract of any kind with Gerhard's under the authority or capacity of a Texas entity." Affidavit at 2.

On July 14, 2022, Gerhard's filed its reply. *See* Sur Reply Memorandum of Law to New Leaf Service Contracts, Inc's Response to Gerhard's Inc. d/b/a Gerhard's Appliances & Home Theater's Motion to Dismiss (docket entry 25). Gerhard's argued that Hicks' statement in his affidavit that "New Leaf" has never contracted with Gerhard's as a Texas entity "introduced an issue of fact which can only be resolved with leave of court to conduct limited discovery regarding his statement." *Id.* at 3. Thereafter, on July 19, 2022, the court granted what it construed as the

defendant's motion for leave to conduct limited jurisdictional discovery and denied the defendant's initial motion to dismiss New Leaf Inc.'s complaint without prejudice. Order (docket entry 26) at 2-3. As part of this limited jurisdictional discovery, Hicks was deposed on September 30, 2022. Motion at 7.

Subsequently, on October 21, 2022, Gerhard's filed the instant motion to dismiss, again arguing that New Leaf Inc. lacks standing. Motion at 3. On November 11, 2022, New Leaf Inc. filed its response, arguing that it alleges sufficient well-pleaded facts in its complaint, which must be taken as true, and includes ample evidence in its response that when combined establish this court has subject matter jurisdiction. New Leaf Service Contracts, Inc.'s Response to Gerhard's Inc. d/b/a Gerhard's Appliances & Home Theater's Second Motion to Dismiss ("Response") (docket entry 30) at 4-5. On December 12, 2022, Gerhard's filed its reply. *See* Sur Reply of Defendant, Gerhard's Inc. d/b/a Gerhard's Home Appliances & Home Theater, to New Leaf Service Contracts, Inc.'s Response to Second Motion to Dismiss (docket entry 34).

## II. ANALYSIS

### A. Standard for Rule 12(b)(1) Motion to Dismiss

Rule 12 (b)(1) of the Federal Rules of Civil Procedure authorizes the dismissal of a case for lack of jurisdiction over the subject matter. *See* FED. R. CIV. P. 12(b)(1). On a Rule 12(b)(1) motion, which "concerns the court's 'very power to hear the case

. . .[,] the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *MDPhysicians & Associates, Inc. v. State Board of Insurance*, 957 F.2d 178, 181 (5th Cir.) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)), *cert. denied*, 506 U.S. 861 (1992). In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on: "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *MCG, Inc. v. Great Western Energy Corporation*, 896 F.2d 170, 176 (5th Cir. 1990) (citing *Williamson*, 645 F.2d at 413). Once jurisdiction is challenged, the burden rests upon the party seeking to invoke the court's jurisdiction to prove that jurisdiction is proper. *Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 516 U.S. 1071 (1996).

The standard for reviewing a motion under Rule 12(b)(1), however, depends on whether the defendant make a facial or factual attack on the plaintiff's complaint. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). The defendant makes a facial attack by merely filing a Rule 12(b)(1) motion. *Id.* In that case, the trial court must look at the sufficiency of the allegations in the complaint, which are presumed to be true. *Id.* The defendant makes a factual attack, on the other hand, by providing additional evidentiary material challenging the court's jurisdiction. *Id.* In a factual attack, the plaintiff is also required to submit facts in support of jurisdiction

and has the burden of proving, by a preponderance of the evidence, that the trial court has subject matter jurisdiction over the claims. *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986).

B. <u>Application</u>

Gerhard's moves to dismiss this cause of action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), specifically arguing that New Leaf Inc. lacks standing to bring this lawsuit. Motion at 3. In the instant motion, Gerhard's presents the court with a factual attack on New Leaf Inc.'s complaint, pursuant to Rule 12(b)(1), because it submits additional evidentiary materials in support of its motion. *See* Motion.

Lack of Article III standing is a defect in subject matter jurisdiction. See *Bender v. Williamsport Area School District*, 475 U.S. 534, 541-42 (1986). Article III of the United States Constitution limits federal courts' jurisdiction to "cases" and "controversies." U.S. CONST. art. III, § 2. Standing – *i.e.*, the need to show that the plaintiff has a direct, personal stake in the outcome of the suit – is an "essential and unchanging part" of this case-or-controversy requirement. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "The federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of [the jurisdictional] doctrines." *United States v. Hays*, 515 U.S. 737, 742

(1995) (quoting *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 230-31 (1990)) (internal quotation marks omitted).

As the Supreme Court explained in *Lujan*, the "irreducible constitutional minimum of standing" has three elements:

> First, the plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

504 U.S. at 560-61 (internal citations and footnote omitted). All three elements must exist to establish Article III standing. *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000). Because these elements are not just "pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of litigation." *Lujan*, 504 U.S. at 561. Federal district courts have the unique power to make factual findings which are decisive of subject matter jurisdiction. See *Williamson*, 645 F.2d at 413 (citing, among other authorities, *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947)).

In this case, New Leaf Inc. has not met its burden of alleging that it has standing because it cannot demonstrate, by a preponderance of the evidence, that it has incurred an "injury in fact," as it is neither a named party to the agreement in question nor is it clear that it is has privity of contract with the "New Leaf" named in the agreement.  Generally, Gerhard's argues that New Leaf Inc. lacks standing because:  (1) New Leaf Inc. "is not a named party to the Agreement" that Gerhard's signed; and (2) New Leaf Inc. has failed to prove by a preponderance of the evidence that it has privity of contract with the entity that contracted with Gerhard's.  Motion at 3-5 (citing Exhibit B ("Agreement"), *attached to* Motion).  Furthermore, Gerhard's contends that there are three "New Leaf" entities:  (1) New Leaf Inc., which was incorporated in Delaware and has its principal place of business in Texas; (2) New Leaf Delaware, which was formed on July 21, 2011, and converted into New Leaf Inc. on September 15, 2020; and (3) New Leaf Texas, which was formed on March 19, 2012, and terminated its existence on November 18, 2021.  *Id.* at 4, 9.

In support of its contentions, Gerhard's first argues that New Leaf Inc.'s complaint and the undisputed facts do not demonstrate that New Leaf Inc. has standing.  Motion at 10.  Gerhard's highlights that New Leaf Inc.'s "complaint identifies the contracting parties as 'Gerhard's, Inc. d/b/a Gerhard's Appliances & Home Theater' and 'New Leaf Service Contracts, Inc.'" but that the agreement in dispute and "attached to the complaint identifies the contracting parties as

'Gerhard's, Inc. d/b/a Gerhard's Appliances & Home Theater' and [']New Leaf Service Contracts, LLC.'" Motion at 8-9 (citing Exhibit A, *attached to* Motion). Furthermore, the agreement does not identify what state "New Leaf Service Contracts, LLC" was formed in. *Id.* at 9. Consequently, New Leaf Inc.'s complaint fails to explain how it "acquired the contractual rights of 'New Leaf Service Contracts, LLC' under the terms of the" agreement in dispute. *Id.*

Furthermore, Gerhard's contends that the undisputed facts do not cure these defects by clarifying that it has standing on its own or privity with the "New Leaf LLC" that contracted with Gerhard's. Motion at 10. Gerhard's cites exhibits that it attaches to its motion and avers it is undisputed that: New Leaf Delaware and New Leaf Texas were both in existence when Gerhard's signed the agreement with "New Leaf LLC" on September 15, 2012; New Leaf Texas terminated its existence on November 18, 2021; the agreement in dispute does not specify where "New Leaf LLC" was formed; and New Leaf Inc. has not produced any documents "verif[ying] that the entity identified as 'New Leaf Service Contracts, LLC' in the Agreement was a Delaware entity and not a Texas entity." *Id.* at 9-10 (internal citations omitted).

Next, Gerhard's avers that Hicks' affidavit and deposition, where he states that "New Leaf" never entered into a contract with Gerhard's under the capacity of a Texas entity, are not reliable because Hicks is not credible. Motion at 10. Gerhard's provides five reasons to support this assertion. First, Gerhard's postulates that Hicks

- 9 -

stated at his deposition that he did not become aware of New Leaf Texas until after Gerhard's filed its first motion to dismiss and that New Leaf Texas "was not used for any purpose from its date of formation through its date of termination" and "did not file tax returns." *Id.* at 10-11 (citing Exhibit H ("Defendant's Deposition"), *attached to* Motion at 37:16-23, 38:22-39:4, 43:23-44:17[1]).

Gerhard's, however, attaches exhibits to its motion that it argues demonstrate that New Leaf Texas both filed public information and tax reports in Texas every year after its inception. Motion at 11 (citing Exhibit I ("Public Information Report 1"), *attached to* Motion; Exhibit J ("Tax Report"), *attached to* Motion). Gerhard's states that the public information report explicitly identifies the entity as "New Leaf Service Contracts, LLC," that the first filing date was March 19, 2012, that the entity in question was a "Domestic Limited Liability Company," that the Tax ID number was "32047380475," and the "only entity that existed in Texas between March 19, 2012 and November 17, 2021, was [New Leaf Texas], a domestic limited liability company." *Id.* (citing Public Information Report 1).

Second, Gerhard's contends that New Leaf Inc. and New Leaf Texas have two separate tax identification numbers registered with Texas. Motion at 12. Gerhard's

---

[1] Although Gerhard's cites to the Defendant's Deposition at 38:22-39:4, 44:1-17, it does not actually include these pages in its Exhibit H. New Leaf Inc., however, does include these pages in its Exhibit B. *See* Exhibit B ("Response Deposition"), *attached to* Response at 38:22-39:4, 44:1-17.

contends that Exhibit K demonstrates that New Leaf Inc. "also filed a Public Information Report with the Texas Secretary of State after its formation on September 15, 2020" because it "identifies the entity's name as 'New Leaf Service Contracts, Inc.,' the original date of filing as 'February 18, 2020,' the entity type as 'Foreign For-Profit Corporation' and the Tax ID number as '32073456744.'" *Id.* at 12 (citing Exhibit K ("Public Information Report 2"), *attached to* Motion).

Third, Gerhard's highlights irregularities regarding New Leaf Inc.'s certificate of formation and conversion, its application as a foreign for-profit corporation filed with Texas ("registration application"), and Hicks' statements regarding the registration application. Motion at 12. This includes, for example, that Hicks stated in his affidavit that New Leaf Inc. filed its certificate of formation and conversion on September 15, 2020, then in his deposition stated that the date was actually February 18, 2020, and then further clarified that he withdrew the initial certificate and re-filed it on September 15, 2020. *Id.* (citing Exhibit D ("Defendant's Affidavit"), *attached to* Motion at 2; Defendant's Deposition at 41:12-42:2[2]). Furthermore, in New Leaf Inc.'s registration application and subsequent tax returns, the entity associates with two different federal employer identification numbers. *Id.*

---

[2] Although Gerhard's cites to the Defendant's Deposition at 42:1-2, it does not actually include this page in its Exhibit H. New Leaf Inc. also does not include this page in its Exhibit B. *See* Response Deposition. It does not appear, however, that New Leaf Inc. contests these assertions.

at 12-13 (citing Exhibit L ("Registration Application"), *attached to* Motion; Defendant's Deposition).  Additionally, the registration application lists New Leaf Inc.'s formation date as February 4, 2020, but "Hicks admitted at his deposition that on February 4, 2020, New Leaf Inc. did not yet exist." *Id.* (citing Registration Application; Defendant's Deposition at 57:8-13).

Fourth, Gerhard's avers that New Leaf Inc. does "not have the legal right to seek redress in the Texas courts." Motion at 14.  Gerhard's contends that New Leaf Delaware never registered to conduct business in Texas with the state of Texas, and because New Leaf Inc. only acquired the rights of New Leaf Delaware, New Leaf Inc. does not have the right to seek redress in Texas courts since New Leaf Delaware did not have this right.  *Id.* at 14-15.  Furthermore, this indicates that New Leaf Texas was created as a separate entity to do business for "New Leaf" in Texas, as New Leaf Texas had been formed in Texas and was able to do business there.  *Id.* at 15. Finally, Gerhard's argues that Hicks could not clarify in his deposition why the domicile of the "New Leaf" associated with the agreement is omitted from the agreement nor could he identify a document that clearly states that New Leaf Delaware was the entity that entered into the agreement, where as Gerhard's domicile is specifically identified in the agreement.  *Id.* (citing Defendant's Deposition at 43:1-15, 74:17-75:22).

The court concludes that Gerhard's has carried its burden in making a factual challenge as to whether New Leaf Inc. has standing. Gerhard's both: (1) illustrates why New Leaf Inc.'s complaint, supplemented by undisputed facts, is insufficient in demonstrating that it has suffered an "injury in fact" or has privity of contract with the entity that contracted with Gerhard's; and (2) attaches evidentiary material that attacks the credibility of New Leaf Inc.'s evidence and demonstrates that it lacks standing. Because Gerhard's has carried its burden, the burden shifts to New Leaf Inc. to prove by a preponderance of the evidence, that it has standing and that jurisdiction is proper. It has failed to do this.

Generally, New Leaf Inc. argues that the evidence "unequivocally shows" that it has standing because it was New Leaf Delaware that contracted with Gerhard's and New Leaf Delaware properly converted to New Leaf Inc. Response at 1-2. New Leaf Inc. states that it never used New Leaf Texas "for any purpose[,]" including not filing tax returns on its behalf with Texas or having an "income, payroll, bank accounts, revenue, assets, liabilities, accounts payable or receivable, or employees." *Id.* at 4 (citing Response Deposition at 35:7-11, 37:16-23, 38:22-39:4, 72:21-73:6, 76:17-77:4, 77:11-78:7). Instead, New Leaf Inc. contends that the company's corporate counsel created New Leaf Texas "by mistake[,]" that Hicks did not know about New Leaf Texas until this lawsuit, that "New Leaf's Vice President of Finance[] only learned about [New Leaf Texas] during the process of converting [New Leaf

- 13 -

Delaware] to a Delaware corporation," and that "New Leaf has never executed a contract with Gerhard's under the authority or capacity of [New Leaf Texas]." *Id.* (citing Response Deposition at 33:25-34:20, 43:23-44:17; Exhibit G ("Patel Affidavit"), *attached to* Response at 2; Exhibit A ("Second Affidavit"), *attached to* Response at 1).

New Leaf Inc. makes three general arguments in support of its position that it has standing to bring this lawsuit, but it does not sufficiently respond to the defendant's arguments nor demonstrate by a preponderance of the evidence that it has standing.[3] First, New Leaf Inc. avers that its complaint and the undisputed facts demonstrate that it has standing because "the evidence shows that the operative entity in the Agreement was the Delaware LLC, . . . that the Texas Entity is unrelated to the Agreement," and that "Gerhard's never overcomes this evidence." Response at 7-9 (citing Response Deposition at 13:11-17, 35:7-11, 37:16-23, 45:9-15; Second Affidavit at 1). New Leaf Inc. avers that when taken as true, its complaint demonstrates that it has standing because the "Complaint is filed on behalf of the Delaware corporation." *Id.* at 9 (citing Complaint at 1).

---

[3] Additionally, New Leaf Inc. contends that it has privity with Gerhard's because it properly converted from New Leaf Delaware and assumed all of New Leaf Delaware's rights. Response at 5. New Leaf Inc. provides a lengthy summary describing how New Leaf Delaware properly converted into New Leaf Inc. See *id.* at 5-7. This summary, however, is irrelevant, as Gerhard's does not contest that New Leaf Delaware properly converted into New Leaf Inc., but rather, that New Leaf Delaware was not the entity that entered into agreement with Gerhard's.

New Leaf Inc. does not then go on to cite any additional "undisputed facts" that Gerhard's has not already acknowledged in its motion, but instead, agrees with the "undisputed facts" that Gerhard's alleges. Response at 10 (internal citation omitted). Consequently, New Leaf Inc. does nothing to rebut the defendant's argument that the complaint and undisputed facts raise an issue as to whether the court has subject matter jurisdiction. New Leaf Inc. even recognizes that "these undisputed facts seemingly create a question about whether Gerhard's contracted with a Delaware or a Texas entity" but believes that the court has discretion to conclude that this evidences is sufficiently plausible to demonstrate standing. *Id.* (internal citations omitted). The court does not find this evidence proves, by a preponderance of the evidence, that New Leaf Inc. has standing.

Second, New Leaf Inc. argues that the supplemental evidence produced in discovery demonstrates that it has standing. Response at 10. New Leaf Inc. provides three arguments to support this assertion. First, New Leaf Inc. contends that contrary to what Gerhard's argues, the franchise tax and public information reports that Gerhard's attached to its motion were filed by New Leaf Delaware, not New Leaf Texas, and therefore do not prove that New Leaf Texas conducted business activity. *Id* at 10-12. Consequently, the defendant's argument that Hicks' affidavit and deposition are not credible is without merit. *Id.* at 12.

New Leaf Inc. supports this claim by arguing that all corporations and limited liability companies, including foreign entities that are not "chartered or organized in Texas[,]" but that do business in Texas and have sufficient contacts in the state, must file annual tax and public information reports. Response at 11 (internal citations omitted). Citing RD Patel's ("Patel"), the Vice President of Finance for New Leaf Inc., affidavit, New Leaf Inc. contends that it complied with these requirements by filing annual franchise tax and public information reports. *Id.* (citing Patel Affidavit at 2). Furthermore, citing Hicks' deposition, New Leaf Inc. contends that there was no need for New Leaf Texas to file these reports because the entity did not conduct business. *Id.* at 11-12 (citing Response Deposition at 77:11-78:7).

New Leaf Inc., however, fails to directly respond to the defendant's contention that the public information and tax reports it attaches to its motion demonstrate Hicks' affidavit and deposition are not credible. Although New Leaf Inc. avers that it was New Leaf Delaware, a foreign corporation, that filed these documents, New Leaf Inc. does not acknowledge that the public information report identifies the entity as a "Domestic Limited Liability Company[,]" *see* Public Information Report 1, that the tax report includes the same taxpayer number as the entity that filed the public information report, *see* Tax Report, and that when New Leaf Inc. filed a public information report in Texas as a newly converted corporation, the report identifies it as a "Foreign For-Profit Corporation[,]" *see* Public Information Report 2. These facts

- 16 -

seemingly indicate that New Leaf Texas filed public information and tax reports, directly contradicting Hicks' affidavit and deposition (and Patel's affidavit), and calling into question Hicks' (and Patel's) credibility.

Second, New Leaf Inc. argues that the "irregularities" Gerhard's highlights in its corporate findings do nothing to demonstrate that Gerhard's contracted with New Leaf Texas. Response at 12. New Leaf Inc. directly responds to these irregularities, arguing that contrary to what Gerhard's avers, it is normal that there are two separate taxpayer ID numbers for New Leaf Texas and New Leaf Delaware, as New Leaf Inc. does not dispute that New Leaf Texas was a separate entity. *Id.* at 13. Furthermore, according to Patel's affidavit, New Leaf Inc.'s corporate filings made in converting New Leaf Delaware to New Leaf Inc. "were handled by New Leaf's corporate counsel at the time" and although "there were clerical errors made by that counsel[,]" such as incorrect paperwork and an incorrect EIN number, these errors were corrected and no business was ever done through New Leaf Texas. *Id.* at 13-14 (citing Patel Affidavit at 2-3).

Third, New Leaf Inc. contends it is irrelevant that "New Leaf's" domicile is absent in the agreement with Gerhard's because the omission was not intentional. Response at 14-15 (citing Response Deposition at 45:25-46:3). Furthermore, New Leaf Inc. argues that it was not legally required to include its domicile in the contract,

and "Gerhard's argument – that this omission somehow overcomes the plethora of evidence that New Leaf is a Delaware corporation – is unsound." *Id.*

Finally, New Leaf Inc. contends that the defendant's argument that it does not have the legal right to seek redress in a Texas court "because of an alleged failure to register to conduct business in Texas" is flawed. Response at 16. First, New Leaf Inc. argues that the facts demonstrate it had registered to do business in Texas at the time it filed this lawsuit. *Id.* at 16-17 (internal citation omitted). Second, New Leaf Inc. contends that its alleged failure to register in Texas "is an issue of capacity, not standing" and, therefore, "[m]oving to dismiss is not a proper challenge to capacity; Gerhard's had to move to abate, which would allow New Leaf time to cure the alleged defect." *Id.* (internal citations omitted).

In sum, the court concludes that New Leaf Inc. has failed to demonstrate by a preponderance of the evidence that it has standing to bring this lawsuit. In looking at New Leaf Inc.'s complaint and the undisputed facts, there is a fundamental issue as to whether New Leaf Inc. has suffered an "injury in fact," as New Leaf Inc. is absent from the agreement in dispute and it is unclear from this evidence whether it was New Leaf Delaware or New Leaf Texas that contracted with Gerhard's. New Leaf Inc. even acknowledges this in its response. *See* Response at 10.

Furthermore, when looking at the additional evidence that both parties attach, New Leaf Inc. fails to directly respond to why it appears that New Leaf Texas filed

public information and tax reports each year, directly contradicting Hicks affidavit and deposition and Patel's affidavit and calling into question each person's credibility.  Additionally, contrary to what Hicks says, it seems unlikely that he, as New Leaf Inc.'s CEO, would not know about New Leaf Texas's existence until after Gerhard's filed its first motion to dismiss – a ten-year time period.  Moreover, at the core of this issue, it is strange that New Leaf Inc. cannot produce one document that affirmatively demonstrates or merely indicates that it was New Leaf Delaware that contracted with Gerhard's – a document that, were it to exist, would quickly resolve this issue in New Leaf Inc.'s favor.  Therefore, the defendant's motion to dismiss New Leaf Inc.'s claims for lack of subject matter jurisdiction is granted.

In its response, New Leaf Inc. seeks leave to amend its complaint should the court grant the defendant's motion to dismiss, stating that it can cure any deficiencies.  Response at 17-18.  New Leaf Inc.'s request for leave to amend its complaint is denied.[4]

---

[4] Federal Rule of Civil Procedure 15(a) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  FED. R. CIV. P. 15(a).  Whether a motion to amend should be granted is within the discretion of the district court.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  When exercising its discretion, the court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant[,]" or "undue prejudice to the opposing party by virtue of allowance of the amendment."  *Id.*

Here, the court concludes that should New Leaf Inc. have the ability to cure any deficiencies in its complaint, it has engaged in bad faith and undue delay by only
(continued...)

III.  CONCLUSION

For the reasons stated above, the defendant's motion to dismiss is **GRANTED**.  The plaintiff's request for leave to amend its complaint should the court grant the defendant's motion to dismiss is **DENIED**.

**SO ORDERED**.

April 13, 2023.

_____
A. JOE FISH
**Senior United States District Judge**

---

(...continued)
now seeking leave to amend its complaint and granting leave would impose an undue burden on Gerhard's.  New Leaf Inc. has been on notice that there could be deficiencies in its complaint since Gerhard's filed its first motion to dismiss on June 16, 2022.  Furthermore, the court granted both parties additional time to conduct discovery before Gerhard's filed the instant motion, through which New Leaf Inc. could have discovered additional information and directly sought leave to amend its complaint to cure any deficiencies.  Instead, New Leaf Inc.'s request for the court to allow it leave to amend its complaint, only if the court grants the defendant's motion to dismiss, indicates that New Leaf Inc. is engaging in bad faith and undue delay by waiting until now to seek leave.  Additionally, granting New Leaf Inc. leave to amend its complaint at this stage would cause an undue burden on Gerhard's, as the defendant has expended extensive resources in filing two different motions to dismiss and conducting additional discovery.  Moreover, given the evidence presented, it appears unlikely that New Leaf Inc. could feasibly amend its complaint in a way that would demonstrate that it has standing to bring this lawsuit.