UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NEW LEAF SERVICE CONTRACTS,       )
INC.,                             )
                                  )
              Plaintiff,          )
                                  )
VS.                               )          CIVIL ACTION NO.
                                  )
GERHARD'S INC. d/b/a GERHARD'S    )          3:22-CV-1145-G
APPLIANCES & HOME THEATER,        )
                                  )
              Defendant.          )

## MEMORANDUM OPINION AND ORDER

Before the court is the plaintiff New Leaf Service Contracts, Inc.'s (the "plaintiff" or "New Leaf Inc.") motion to alter or amend the court's April 13, 2023, memorandum opinion and order and judgment pursuant to Federal Rule of Civil Procedure 59(e). *See* Plaintiff's Motion to Alter or Amend Judgment ("Motion") (docket entry 37). For the reasons stated below, New Leaf Inc.'s motion is **DENIED**.

## I. BACKGROUND

The court set forth the background of this case in a recent memorandum opinion and order. *See* Memorandum Opinion and Order of April 13, 2023

("Memorandum Opinion and Order") (docket entry 35).  Below are the facts relevant to the current motion.

On June 16, 2022, Gerhard's Inc. d/b/a Gerhard's Appliances & Home Theater (the "defendant" or "Gerhard's") filed its first motion to dismiss New Leaf Inc.'s complaint for lack of subject matter jurisdiction, arguing that New Leaf Inc. lacks standing to bring its lawsuit.  Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1) (docket entry 23) at 1.  On July 19, 2022, the court granted what it construed as the defendant's motion for leave to conduct limited jurisdictional discovery and denied without prejudice the defendant's initial motion to dismiss New Leaf Inc.'s complaint.  Order (docket entry 26) at 2-3. Subsequently, on October 21, 2022, Gerhard's filed its second motion to dismiss, again arguing that New Leaf Inc. lacks standing.  Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1) (docket entry 29) at 3.  On April 13, 2023, the court granted Gerhard's second motion to dismiss because New Leaf Inc. lacks standing and denied New Leaf Inc.'s request for leave to amend its complaint.  Memorandum Opinion and Order at 1.

On May 10, 2023, New Leaf Inc. filed its motion to alter or amend the court's judgment under Federal Rule of Civil Procedure 59(e) and attached exhibits, asking the court:  "(1) to reverse its dismissal and restore New Leaf's Complaint; (2) absent reversal of the dismissal, grant New Leaf leave to amend its Original Complaint and

file the attached First Amended Complaint (<u>Exhibit A</u>); or (3) alternatively, amend the judgment to specify that dismissal is without prejudice."  Motion at 1-2 (underline in original); Exhibits A and B, *attached to* Motion.  On May 30, 2023, Gerhard's filed its response and attached exhibits.  *See* Answer of Defendants, Gerhard's Inc. d/b/a Gerhard's Appliances & Home Theater, to Plaintiff's Motion to Alter or Amend Judgment ("Response") (docket entry 38); Exhibits A, B, and C, *attached to* Response.  On June 13, 2023, New Leaf Inc. filed its reply and again attached exhibits.  *See* Plaintiff's Reply in Support of its Motion to Alter or Amend Judgment ("Reply") (docket entry 39); Exhibits A and B, *attached to* Reply.

## II.  <u>ANALYSIS</u>

### A.  <u>Legal Standard</u>

Federal Rule of Civil Procedure 59(e) applies to "[a] motion to alter or amend a judgment" and provides that such a motion "must be filed no later than 28 days after the entry of the judgment."  FED. R. CIV. P. 59(e).  "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks omitted).  Importantly, "[a] Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and [the

movant] cannot have a 'second bite at the apple' on the same issues that were previously addressed by the parties and this [c]ourt." *Alvarado v. Texas Rangers*, No. EP-03-CA-0305-FM, 2005 WL 1420846, at *2 (W.D. Tex. June 14, 2005), *rev'd on other grounds*, 492 F.3d 605 (5th Cir. 2007).

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir.) (citation omitted), *cert. denied*, 543 U.S. 976 (2004). "Indeed, the remedy is so extraordinary that the standard under Rule 59(e) favors denial of motions to alter or amend a judgment." *Berry v. Indianapolis Life Insurance Company*, No. 3:08-CV-0248-B, 2009 WL 1979262, at *1 (N.D. Tex. July 8, 2009) (Boyle, J.) (internal quotations and citations omitted). "It is within the district court's discretion whether to reopen a case under [Federal Rule of Civil Procedure] 59(e)." *Weber v. Roadway Express, Inc.*, 199 F.3d 270, 276 (5th Cir. 2000) (citing *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993)).

## B. Application

New Leaf Inc. has failed to establish a manifest error of law or fact or present newly discovered evidence. Regarding New Leaf's Inc's first and second arguments, that the court should reverse its dismissal or in the alternative grant it leave to amend its complaint, New Leaf Inc. fails to demonstrate that there is any manifest error of law or fact in the court's memorandum opinion and order or present newly

discovered evidence that materially changes the court's analysis.  Instead, New Leaf

Inc. incorrectly uses its motion to "obtain a second bite at the apple" and re-litigate

these arguments that the court has already ruled on to New Leaf Inc.'s

dissatisfaction.  *See* Motion at 3-15; *Alvarado*, 2005 WL 1420846, at \*2.[*]

Consequently, New Leaf Inc.'s first and second arguments in its motion fail under

Rule 59(e).

　　In New Leaf Inc.'s third argument, it avers that the court should amend the

judgment to specify that dismissal is without prejudice because the court "lacks the

------

[*]　　In its motion, New Leaf Inc. asserts that amending its complaint would
not be futile because, as evidenced in its proposed first amended complaint it
attached to its motion, it would like to:  (1) add the Delaware entity New Leaf LLC
and the Texas entity New Leaf LLC as plaintiffs to the lawsuit and assert that New
Leaf Inc. is the successor in interest to both those entities, because the Delaware
entity is the successor in interest to the Texas entity and New Leaf Inc. is the
successor in interest to the Delaware entity; and (2) add a new quasi-contract claim
of promissory estoppel in the alternative to its breach of contract claim.  Motion at
13-14; Exhibit A at 2-3, 7.  New Leaf Inc. amending its complaint in this way,
however, does nothing to cure its lack of standing or to sufficiently state a claim on
which relief can be granted.  New Leaf Inc.'s assertion that it is the successor in
interest to the Texas entity and its new promissory estoppel claim leave its proposed
first amended complaint filled with contradictions that are at odds with the evidence
both parties attached in support and response to Gerhard's second motion to dismiss.
　　Furthermore, New Leaf Inc. has presented no newly discovered evidence
indicating why it only now knows, as opposed to pre-judgment, that it is the
successor in interest to the Texas entity, or why it only now believes that it has a
valid promissory estoppel claim, rather than pre-judgment.  Instead, as Gerhard's
succinctly describes, New Leaf Inc.'s proposed first amended complaint "appears to
be a superficial attempt to bootstrap New Leaf Inc. into subject matter jurisdiction
based on assertions which could and should have been made (even if incongruous)
prior to judgment."  Response at 12.

authority" to dismiss the case with prejudice and "dismissal with prejudice at this stage would constitute a manifest error amounting to a complete disregard of the controlling law."  Motion at 15-17 (internal quotation marks omitted).  New Leaf Inc. contends that "dismissal with prejudice is such a severe sanction that it is to be used only in extreme circumstances[,]" *id.* at 15 (quoting *Boazman v. Economics Laboratory, Inc.*, 537 F.2d 210, 212 (5th Cir. 1976)) (internal quotation marks omitted), and "[u]nlike dismissal for failure to state a claim, dismissal for lack of subject-matter jurisdiction is usually *without* prejudice[,]" *id.* (quoting incorrectly *Hill v. Estate of Hill*, 594 F. Supp. 3d 741, 762 n.14 (N.D. Tex.) (Lindsay, J.), *appeal dismissed*, No. 22-10408, 2022 WL 15117035 (5th Cir. June 16, 2022)) (internal quotation marks omitted) (emphasis in original).  New Leaf Inc. argues that this is because dismissal with prejudice is a ruling on the merits, but since dismissal for lack of subject matter jurisdiction is not a ruling on the merits, it would be improper for the court to dismiss this case with prejudice.  *Id.* (internal citations and quotation omitted).

New Leaf Inc. is correct that dismissal for lack of subject matter jurisdiction is "usually without prejudice."  Usually without prejudice,  however, implies that there are *unusual* situations where a court can dismiss a case with prejudice for lack of subject matter jurisdiction.  See*, e.g.*, *Baton Rouge Building & Construction Trades Council AFL-CIO v. Jacobs Constructors, Inc.*, 804 F.2d 879, 881 (5th Cir. 1986) (per

curiam) (affirming district court's dismissal with prejudice for lack of standing);

*Westfall v. Miller*, 77 F.3d 868, 870-73 (5th Cir. 1996).  As Judge Lindsay described:

> Although the court lacks subject matter jurisdiction over Plaintiffs' claims and dismissals for lack of jurisdiction are ordinarily without prejudice, and in light of this court's ruling, there is no court, state or federal, that has jurisdiction to hear Plaintiffs' claims.  Plaintiffs cannot amend to overcome this obstacle . . .  Moreover, to dismiss Plaintiffs' claims without prejudice would create the impression that they could file these claims in an appropriate forum when there is no other appropriate forum.  The better, and more reasonable, course of action, therefore, is to dismiss these claims with prejudice.

*Estate of Hill*, 594 F. Supp. 3d at 762.

Similarly, in this case, it appears that there is no way that New Leaf Inc. can amend its complaint to overcome the fact that it lacks standing.  As the court stated in its April 13, 2023, memorandum opinion and order, "it is strange that New Leaf Inc. cannot produce one document that affirmatively demonstrates or merely indicates that [it was its predecessor in interest] that contracted with Gerhard's – a document that, were it to exist, would quickly resolve this issue in New Leaf Inc.'s favor." Memorandum Opinion and Order at 19.  New Leaf Inc. has now had four opportunities (and additional jurisdictional discovery) to uncover and provide this type of evidence to the court, whether in its complaint, response to Gerhard's first motion to dismiss, response to Gerhard's second motion to dismiss, or the current motion to alter or amend the court's judgment, but continues to fail to produce it.

- 7 -

Dismissing this case without prejudice or granting New Leaf Inc. leave to amend its complaint would indicate to New Leaf Inc. that it could file this case in another forum where it would have standing to sue Gerhard's on its claims or that it could amend its complaint in a way that would cure any standing deficiencies, when there is no appropriate forum and any amendment would be futile.  New Leaf Inc.'s repeated -- and continuing -- failure to produce even a scintilla of evidence indicating that its predecessor in interest contracted with Gerhard's demonstrates why that is the case.  As such, New Leaf Inc.'s third argument in its motion also fails under Rule 59(e).

## III.  CONCLUSION

For the reasons stated above, New Leaf Inc.'s motion to alter or amend the court's judgment is **DENIED**.

**SO ORDERED**.

July 10, 2023.

_____
**A. JOE FISH**
**Senior United States District Judge**